SYDNEY R. TABER *et al. vs.* WILLIAM H. HALL *et al.*

PROVIDENCE—APRIL 9, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Harbor Lines.   Costs.*

Gen. Laws cap. 266, relative to the determination of the lines and bound-
aries of tide-flowed lands, does not apply to interests where the lines
have already been settled and determined; hence respondents whose
lines had already been established by agreement or otherwise were not
properly made parties to the proceedings and are not chargeable with
costs.

(2) *Harbor Lines.   Costs.*

The proceeding under chapter 266 is a statutory and not an adversary one,
for a common advantage, and the costs should be apportioned by area
of land affected.

(3) *Harbor Lines.   Injunctions.*

In the absence of threats or intentions to disregard the line established,
the court will not incorporate an injunction in the final decree confirm-
ing the report of commissioners appointed to establish and settle harbor
lines under Gen. Laws cap. 266.

PROCEEDINGS under Gen. Laws cap. 266, seeking to deter-
mine harbor lines.   Heard on entry of final decree.

(1)     STINESS, C. J.   The petitioner asks for a decree for costs.
The petition is filed under Gen. Laws cap. 266, which allows
any person having an interest in tide-flowed land to apply to
the court for the determination of the lines and boundaries
of his interest, and of the interests of all others, within the
harbor line.   In short, it is a petition to define lines from the
shore to the harbor line.   As the establishment of the peti-
tioners' line may affect the front of others on the harbor line,
it allows all to be brought in whose lines may be so affected.

The statute is for "the settlement and determination" of
lines, and hence by its terms it does not apply to interests
where the lines have already been settled and determined.

The petition alleged that all the respondents were inter-
ested in the settlement of the line, and accordingly they were
summoned in.

They offered testimony to show that their lines were already settled and determined, by agreement or otherwise, and the commissioners report that, in every case but one, the owners of the several adjoining interests described in the decree of reference to them "have, or their respective ancestors in interest have, heretofore by agreement or by recorded conveyance, marked out, fixed and established for themselves the boundary lines between such adjoining interests, or such lines have been heretofore fixed between said adjoining interests, for the owners thereof, by some legal proceeding."

The commissioners, therefore, did not pass upon these cases, but simply drew lines upon their plat to "correspond to the boundary lines so heretofore fixed and established."

The line which had not been so fixed and established was the line between the land of Taber, since acquired in part by the respondent Harris, and the land of the respondent Hall. This line the commissioners determined, and it is the only one they determined.

(2) This being so, we think that the other respondents were not properly made parties to the proceeding, and that they have received no legal benefit from it. The mere satisfaction of having proved the previous establishment of their lines does not amount to a legal benefit. For this reason we find that they are not chargeable with costs.

This being so, it leaves the question between the petitioners and the respondents Hall and Harris. The petitioners claim that they are the prevailing party. We do not think they are to be so regarded. This is a statutory and not an adversary proceeding, for a common advantage.

In *Bishop* v. *Aborn*, 16 R. I. 568, a bill in equity and not a petition under the statute, the respondents were charged with costs by a decree to which the court supposed the respondents assented. Upon a motion to modify the decree in this respect, the court said : "We should have divided the costs in one particular, if we had been asked to do so when the decree was entered. The parties are adjoining riparian proprietors, and the costs include the expense of defining the division line between them, beginning at a point on the up-

land and running to the harbor line. The definition of this line is as much a benefit to the complainant as to the defendant, and he should pay half the cost of it."

An examination of the commissioners' plat in that case indicates that upland as well as water lines were established, and that the two estates were nearly equal in area. We assume that the costs were equally divided on that basis.

We think that a fair rule for apportioning costs in these cases is by area of land affected. The petitioners suggest this mode of apportionment, including their own land ; but they further suggest that their portion be added to Hall's assessment, to be paid by him. To do this would be contrary to Bishop v. Aborn, and we think it would be manifestly unjust. We therefore direct that the cost be apportioned between the petitioners and the respondents Hall and Harris, subject to the terms of conveyance to Harris, which are not stated in the record.

(3)    The respondent Hall objects to the injunction in the decree. The petitioners claim it upon the form of decree entered in previous cases. All of the cases cited were bills in equity, and not statutory petitions, and all except Bishop v. Aborn were brought before the present statute providing for a petition was enacted. Pub. Laws cap. 510 (1885). In the latter case the decree was assented to, except as to costs. Quite likely it was so in the other cases ; or that the question was not raised. However it may have been, the court has not decided that an injunction is proper, and we do not see that it is, in the absence of testimony of threats or intentions to disregard the line established. The title is fixed, and rights follow as a matter of law. Ample remedies are provided for trespasses, at law and in equity, but we see no reason to anticipate them in this proceeding.

ROGERS, J., dissenting as to costs.

Wilson & Jenckes, for petitioners.

Tillinghast & Tillinghast, E. D. Bassett, Francis Colwell, City Solicitor of Providence, O. L. Bosworth, Henry W. Hayes, A. C. Matteson, William A. Morgan, for various respondents.